COCHRANE, J. The action is negligence. Plaintiff was injured by an electric street car on Broadway, between Sixty-Third and Sixty-Fourth streets, in the city of New York. No evidence was given tending to show that it was the defendant's car which caused the injury. Plaintiff claims such fact is admitted by the pleadings. The admitted allegation of the complaint is that the defendant operated "certain" cars on different thoroughfares, including that where the accident happened. This allegation does not exclude the operation of cars by other companies at the place where the accident happened. The answer denies that the defendant's car injured the plaintiff. It therefore became necessary for the plaintiff to show that the car which injured him was operated, owned, or controlled by the defendant. Bardack v. Brooklyn Heights Railroad Company (Sup.) 91 N. Y. Supp. 10. As no proof was offered on this point, no case was made out against the defendant. This case differs from Dehmann v. Beck, 61 App. Div. 505, 70 N. Y. Supp. 29, cited by plaintiff. In the last case the truck which caused the injury was positively identified by means of an inscription thereon of the same words which were used by the defendant in his business and on his trucks. No evidence to that effect was offered here.

For another reason this complaint must be dismissed. The plaintiff testified that he saw the car coming at a distance from him of about half a block; that it was coming very fast—faster than he ever saw a car come before. He stood on the track, facing west, talking to some one. The car approached from the south, and struck him on the left shoulder. With knowledge that the car was thus approaching him very rapidly, the plaintiff remained in a place of danger, directly in front of the approaching car, without, as far as his testimony shows, again looking, or taking any precaution to avert the accident. These facts appearing from his own testimony convict him of contributory negligence.

Complaint dismissed.

---

### HUDSON VALLEY RY. CO. v. BOSTON & M. R. R.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

RAILROADS—CONNECTIONS—INTERCHANGE OF CARS.

Where an order directing defendant steam railroad to connect its line with the line of a street railway company which subsequently became a part of plaintiff railroad company was affirmed on appeal, such judgment was res adjudicata of defendant's obligation to interchange cars and carload lots of freight over such connections.

Parker, P. J., dissenting.

Appeal from Special Term, Warren County.

Suit by the Hudson Valley Railway Company against the Boston & Maine Railroad. From a decree (92 N. Y. Supp. 928, 45 Misc. Rep. 520) in favor of plaintiff, continuing a temporary injunction during the pendency of the action, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Lewis E. Carr, for appellant.
W. L. Kiley, for respondent.

HOUGHTON, J. In 1902 the Stillwater & Mechanicville Street Railway Company obtained an order requiring this defendant to make track connections with it for the purpose of facilitating the free interchange of cars between its street electric road and the defendant's steam railway. This plaintiff has absorbed the Stillwater & Mechanicville Street Railway Company, and it is now a part of its system of surface roads. That order was affirmed by the Court of Appeals. Matter of Stillwater & M. St. Ry. Co., 171 N. Y. 589, 64 N. E. 511, 59 L. R. A. 489. And such rail connections were made and a traffic agreement entered upon and cars interchanged until October, 1904, when the defendant canceled and terminated its agreement, and refused to receive or deliver cars from or to the plaintiff over such connection, as well as another which had been made at another point on one of plaintiff's lines. This action was commenced to restrain the defendant from refusing to receive and deliver cars and car-load lots of freight over such connections, and a temporary injunction obtained, which has been continued during the pendency of the action by the order which is appealed from.

While the precise question now involved was not decided therein, we think the principles enunciated and the interpretation given to the various sections of the railroad law in Matter of Stillwater & M. St. Ry. Co., supra, make it decisive of this case, and that the order of the Special Term should be affirmed upon the authority of that decision. The appellant urges that, the question of the actual interchange of cars not being before the court, whatever is said or foreshadowed in the opinion in that case should not be deemed a part of the decision. But it is difficult to conceive of the court forcing a physical connection for the switching of cars and the interchange of traffic, which would be utterly useless if cars were not to be switched and traffic interchanged. Railroad companies are corporations of such a public character that it must be conceded that the Legislature has power to compel the interchange of cars and traffic, in the interest of the public welfare, if it sees fit, and it seems to us that the Court of Appeals has decided that the Legislature has so enacted. People ex rel. Herbert T. Jennings, as Receiver of the Oneonta, Cooperstown & Richfield Springs Railroad Company, v. The President, Managers, etc., of the Delaware & Hudson Canal Co., 90 App. Div. 618, 85 N. Y. Supp. 1142, decided by this court, is not an authority to the contrary. In that case the plaintiff sought by mandamus to compel the delivery of loaded cars to it by the defendant over the connection which had been established between the two roads. It appeared that the plaintiff owed the defendant a large sum for freight already delivered; that the surface road was insolvent and was being operated by a receiver, and that its tracks and roadbed were so badly constructed and out

of repair that it was dangerous to transport loaded freight cars thereon; and that the plaintiff had no ability to pay any damages which might ensue. Under these circumstances, the Special Term refused the mandamus, and we affirmed its order. There was no occasion or intention to decide that under any and all circumstances, either by mandamus or injunction or action, the interchange of cars and freight in bulk could not be compelled by the courts. The mandamus having been refused, and we deeming, under the circumstances, the refusal proper, we did not decide whether or not mandamus would lie. Here the plaintiff brings its grievance into court by action, and any question as to appropriate remedy is eliminated, for, if it has any rights, it may establish them in such manner.

The order should be affirmed, with $10 costs and disbursements. All concur, except PARKER, P. J., dissenting.